# THE CONSOLIDATED RAPID TRANSIT AND ELEVATED RAILROAD COMPANY OF CHICAGO

## v.

## THOMAS F. O'NEILL.

*Bill to Cancel Sealed Instrument—Consideration—Seal Imports—Fraudulent Representations—Expression of Opinion—Elevated Railroad—Right of Way—Rules of Court—Contested Motions—Demurrer—When to be Heard—Negligence—Decree—Motion to Vacate.*

1. A contract under seal can not be avoided on the ground that it is a *nudum pactum.* The seal imports a consideration sufficient to sustain the validity of the instrument.

2. Mere expressions of opinion as to future benefits to be derived from a projected railroad, are insufficient to sustain a charge of fraud to avoid a contract.

3. Rules of court, while in force, constitute rules of law regulating the practice in the court by which they are adopted. Litigants and their solicitors are not chargeable with negligence in assuming that such rules will be pursued and enforced.

4. Upon a bill to compel the surrender and cancellation of a certain instrument in writing, petitioning the Board of Trustees of Hyde Park to grant the defendants permission to construct an elevated railroad in the rear of complainant's lots, it is *held*: That the instrument in question is not shown to be invalid by the averments of the bill; that the defendant is entitled to record said instrument and to proceed to act under it; that, under the rules of the court below, the defendant's demurrer should not have been passed upon on Tuesday instead of Monday; that the averments of the bill are insufficient to sustain the decree; and that the defendant's motion to vacate the decree and permit it to answer, should have been sustained.

[Opinion filed February 1, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

This was a bill in chancery, brought by Thomas F. O'Neill against the Consolidated Rapid Transit and Elevated Railroad Company of Chicago and George A. Emery, to compel the surrender and cancellation of a certain instrument in writing executed by the complainant to said company. The bill alleges, in substance, that the complainant is the owner in fee of certain lots of land in Cook County; that on or about the 1st day of June, 1886, said Emery, acting for both defendants, applied to the complainant at a time when he was very busy transacting his affairs and business, and represented to him that if he, the complainant, would sign a certain writing which said Emery stated was a proposition addressed to the Board of Trustees of Hyde Park, Illinois, petitioning said Board to grant to the defendants permission to construct and operate an elevated railroad in the rear of the complainant's said lots (but the exact terms of which said writing are to the complainant unknown, it being in the hands of the defendants), it would be for his interest so to do, as it would increase the value of the com-

plainant's property over 100 per cent. if said railroad was constructed and operated from the City of Chicago to certain places named by him, through and along which it was proposed to build said railroad; that the complainant, then and there relying upon the truth of said statements and representations made to him under the circumstances and in the manner aforesaid, signed said writing, which, as he is informed and believes, is in the nature of a deed or license granting the defendants, or some of them, the right to construct and operate a double track elevated railroad along the alley in the rear of said lots; that the complainant is informed and believes that said writing contains a provision authorizing the defendants, or one of them, to sign the complainant's name, as owner of said lots, to a petition to said Board requesting said Board to grant permission to the defendants to construct and operate a railroad along, upon and over the streets, alleys and highways of said village, including the alley in the rear of said lots, and also a provision that, in consideration of the sum of $1 to the complainant in hand paid by the defendants, or one of them, the complainant granted the right of way and privilege to construct and operate a double track elevated railroad along the alley in the rear of said lots; that the complainant did not receive from the defendants, or either of them, the sum of $1 or any other sum of money in consideration of his signing said writing, and that said writing so signed by him was and is without any consideration whatever.

The bill further alleges that, after investigation of the facts, and after fully informing himself in relation to the matters and representations so made to him, and upon the strength of which the defendant procured his signature to said paper, he has ascertained, and is given to understand and believes, that if the defendants are permitted to construct and operate the proposed elevated railroad along the alley in the rear of his said lots, the complainant will be irreparably injured thereby, as the complainant is informed that if said proposed elevated railroad is constructed and operated along the rear of said lots, it will be impossible for him to sell them unless he does so at greatly reduced prices, and that if he should improve said lots, as he

contemplates doing, by constructing tenement houses thereon, it would be difficult, if not impossible, for him to rent them at any price, as the rooms in the rear of the tenements would be exposed to the view of passengers riding upon said railroad, and that this, together with the noise, dust and smoke incident to the running of trains on the plane or level of the back windows would constitute an intolerable nuisance; that the defendants, or one of them, contemplates signing a petition in the name of the complainant requesting said Board of Trustees to grant permission to the defendants, or one of them, to construct and operate an elevated railroad along the alley in the rear of said lots, and also threaten to record said paper in the office of the recorder of deeds of said county; that they threaten to build, operate and construct said railroad, and that unless they are restrained from filing and recording said paper, and from constructing and operating said elevated railroad, the defendants will put their threat into execution, and the complainant will thereby suffer irreparable injury, and said paper will constitute a cloud upon the title of the complainant to said lots, and will constitute a nuisance to the complainant's property, and the value of his lots will be thereby greatly depreciated.

The bill prays that said instrument may be set aside and declared void as against the complainant's title and a cloud upon said title, and that said instrument may be produced and delivered up by the defendants to be canceled, and also a general prayer for relief.

On the 7th day of January, 1887, the defendants appeared and filed a demurrer to said bill for want of equity, and on the 1st day of March following, said demurrer was overruled, the order overruling said demurrer reciting that it was overruled for want of prosecution, and the defendants were by said order granted ten days in which to answer the bill. On the 15th day of March, 1887, the defendants were defaulted for want of an answer, and a decree was thereupon entered finding the allegations of the bill to be true, and declaring said instrument null and void as against the complainant and those claiming under him, and decreeing that the defendants be for-

ever barred and foreclosed from setting up or asserting any right, title, interest or license under and by virtue thereof, either at law or in equity, and perpetually restraining and enjoining the defendants from signing the name of the complainant to a petition requesting the Board of Trustees of the Village of Hyde Park to grant the defendants, or either of them, the privilege of constructing and operating an elevated railroad upon and along the streets and alleys of said village, and particularly the alley in the rear of the complainant's lots, and from filing said paper writing for record, and from using the same in any way for the purpose of constructing and operating an elevated railroad along the alley in the rear of said lots.

On the 18th day of March, 1887, being at the same term of said court, the defendants appeared and filed their motion to vacate said decree and for leave to answer. Among the affidavits filed in support of said motion was one by defendant Emery, deposing, among other things, to the circumstances under which the instrument in question was executed by the complainant. Said affidavit states that, in the early part of May, 1886, the deponent called on the complainant with a view of securing his consent to the construction and operation of said elevated railroad by the defendant company; that the deponent had three interviews with the complainant in which he stated to the complainant that in his opinion the construction and operation of an elevated railroad in the rear of his lots would secure what is most needed, rapid communication with the center of the City of Chicago, and would for that reason, in the opinion of the deponent, add largely to their value; that deponent stated his said opinion to the complainant at the time in good faith, believing it to be correct, and now reiterates said opinion and re-affirms its correctness to the best of his knowledge and belief; that deponent made no misrepresentations of any kind whatever to the complainant to induce him to give his consent to the construction and operation of said railroad in the rear of his lots; that at the first interview he handed to and left with the complainant a form of consent to be executed by him; that complainant retained the same,

stating that he desired to think the matter over for a short
time and confer with his counsel about it; that subsequently
the deponent called upon the complainant and was informed
by him that he had not as yet executed the paper, and re-
quested deponent to call again within a day or two; that with-
in a day or two thereafter deponent again called upon the
complainant, and that he then voluntarily and willingly signed
and sealed the said instrument and delivered it to the depo-
nent, without any objection, reservation or hesitation; that it is
true that deponent did not pay the complainant the sum of $1
specified in said instrument, but he required the execution of
said instrument under seal, and was then and there ready and
prepared to tender and pay said sum of $1 had it been re-
quested by the complainant.

The affidavit of one of the defendants' solicitors was also
filed stating that he had charge of the defense of said suit and
filed the demurrer to the bill; that on the 12th day of Janu-
ary, 1887, he was notified by the complainant's solicitor that
he should call up said demurrer for disposal on the 17th day
of January, 1887, at 10 o'clock A. M. of that day, before Judge
Tuley; that at the time mentioned in the notice he attended
at the court room of said Judge, and found that said Judge
was absent from the city on account of the severe illness of a
near relative; that said notice in no way indicated that said
demurrer would be placed upon the calendar of contested
motions; that neither the deponent nor any member of his
firm was ever notified that said motion had been placed on
said calendar, and that deponent understood and believed that,
under the practice of said court, said demurrer could not be
heard without another notice from the complainant's solicitor;
that the first intimation that the deponent or any member of
his firm received that said demurrer had been presented to the
court was in the afternoon of March 15, 1887, through a notice
published in a daily newspaper that the court had entered a
final decree in said cause; that on examination of the various
motion calendars published in the Law Bulletin made by the
deponent the next day, he found that said cause appeared on
the motion calendar for Monday, January 17th, and Monday,

January 24th, but not on that for Monday, January 31st; that said facts concerning the condition of the motion calendar of the various dates above mentioned were unknown to the deponent until March 16, 1887, the day of making said examination; that he was not present when the demurrer was disposed of and had no knowledge of such proceeding; that by examination of the files and records in the cause he has ascertained that on Tuesday, March 1, 1887, an order was entered overruling the demurrer for want of prosecution and ordering the defendant to answer in ten days, of which order and rule neither the deponent nor any member of his firm had any notice whatever; that he prepared and filed said demurrer in good faith, believing that the grounds of demurrer were good in law; that upon the merits of the cause the defendants have a good and substantial defense.

At the hearing of said motion the Law Bulletin, from January 15 to February 28, 1887, were produced and examined by the court, and it appeared that said cause was therein published in various issues as being on the calendar of contested motions to be heard by said Judge on the several Mondays during that period, down to the issue of February 26th, in which said cause appeared on said calendar for the following Monday, and in which it was announced that said calendar would also continue to be called on the following Tuesday. The issue of the Bulletin for Monday, February 28th, announced in like manner that said Judge would continue the call of said calendar the following day. The certificate of evidence shows that among the rules of practice of the Circuit Court are the following:

"3.   Motions of course shall be heard on the opening of court and before the call of the trial calendar. All motions not of course shall be made in writing, and when based on matters of fact not otherwise appearing by the pleadings or other proceedings in the cause, such facts must be presented by affidavits filed with such motion. Two days notice to the solicitor of the opposite party (if there be any), if none, then to such opposite party, of the hearing of all motions, exceptions and demurrers must be given, and copies of all affidavits

320    APPELLATE COURTS OF ILLINOIS.

Cons. Rapid Transit and Elevated R. R. Co. of Chicago v. O'Neill.

filed with such motion `shall be served at the same time with notice of such motion. Counter affidavits where the nature of the motion admits thereof, must be filed and copies thereof served upon the opposite party or his solicitor before 5 o'clock P. M., on the day preceding the day fixed for the motion, provided, however, that in motions relating to injunctions and *ne exeats*, the court may, by special order, vary the rule as the emergency may require.

"4. A calendar of motions, etc., to be heard on Monday of each week, shall be made by the clerk, and all motions, demurrers and exceptions shall be placed thereon in the order in which they are given to the clerk. All motions, etc., not reached on the call of the calendar, shall have precedence on the calendar of the next week."

The defendants also, on the hearing of the motion, presented and asked leave to file an answer, duly verified by the affidavit of defendant Emery, denying the equities of the bill, and setting out the circumstances of the execution of the instrument in question substantially as the same are set out in the affidavit of defendant Emery as above set forth. The instrument in question, as set out in both said affidavit and answer is as follows:

"For and in consideration of the sum of one dollar to me in hand paid by 'The Consolidated Rapid Transit and Elevated Railroad Company of Chicago,' the receipt of which is now and here acknowledged, *consent* is hereby given, and the *right of way* is hereby granted, conveyed and released unto the said railroad company, to construct and operate a double track elevated railroad along and in the rear of lots number 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, in block 2 in Parker's re-subdivision of lot 4, of court partition of Wilson, Heald and Stebbins' subdivision of E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of Sec. 15, T. 38 N., R. 14, E. of the 3d P. M., Cook County, Ill., and containing a frontage of 242 70-100 feet on the east side of Prairie Avenue, village of Hyde Park, now owned by me, and I hereby authorize and empower the secretary of said company to sign my name to a petition to the Board of Trustees of Hyde Park, Ill., praying that a franchise be granted said

company authorizing it to construct and operate said elevated railroad, as aforesaid.

"Provided, however, that it is understood and agreed that all rights conveyed herein shall cease, and be void, unless the practical construction of said elevated railroad is commenced within one year after the entire right of way has been secured as required by law, unless such construction is delayed by proceedings at law or in equity, in which case all time absorbed by such delays shall be added as an extension of the said period of one year as aforesaid.

"Given under my hand and seal, in the City of Chicago, Ill., this 18th day of May, A. D. 1886.

"THOS. F. O'NEIL,   [L. S.]"

The motion of the defendants to vacate the decree was denied by the court, and the defendants bring the record to this court by appeal.   The errors assigned call in question the decision of the court overruling the demurrer, and the entry of the decree, and also the refusal to vacate the decree and to allow the defendants to answer and defend.

Messrs. DOOLITTLE & McKEY, for appellant.

The discretion of a court of chancery to relieve from default is subject to review in a Superior Court.   Moore v. Bracken, 27 Ill. 23; Mason v. McNamara, 57 Ill. 274; Franz v. Winne, 6 Ill. App. 82.

The bill of complaint does not state such a case as to entitle the appellee to the decree granted.

On default, only such allegations as are properly pleaded in the bill are to be taken as true.   Cronan v. Frizell, 42 Ill. 320; Chicago & N. W. Ry. v. Coss, 73 Ill. 394.   See especially, Parke v. Brown, 12 Ill. App. 291.

The averments as to misrepresentations of the contents of the instrument which the complainant below signed, are not sufficient to sustain the finding of fraud in the decree.   Bigelow on Fraud, pp. 73 and 66; M'Kay v. Jackman, 17 Fed. Rep. 641; Dunbar v. Bonesteel, 3 Scam. 32; Leach v. Nichols, 55 Ill. 273.   In this last case the court examines the authorities in general, bearing upon the subject of what will be sufficient

to constitute fraud in procuring the execution of an instrument. See also, Spurgin v. Traub, 65 Ill. 170; Swannell v. Watson, 71 Ill. 456; Tuck v. Downing, 76 Ill. 71; Emery v. Cochran, 82 Ill. 65; Roper v. Sangamon Lodge, 91 Ill. 518.

The representation to the complainant below that it would benefit his property one hundred per cent. is a mere expression of opinion, and is no ground for rescinding the contract for fraud. Tuck v. Downing, 76 Ill. 71; Bigelow on Fraud, pp. 13–26.

To justify a court in rescinding a contract executed by both parties, on the ground that one of the parties entered into it through fraud practiced by the other, the testimony must be of the strongest and most cogent character, and the case a clear one. Walker v. Hough, 59 Ill. 375.

The belief of the complainant that the building of the road would work irreparable injury to his property, is not ground for an injunction. Moses v. Pittsburgh, Ft. W. & C. R. R., 21 Ill. 516–522; C., R. I. & P. R. R. v. Joliet, 79 Ill. 25.

That complainant below would be irreparably injured is merely a matter of reference, speculation and belief. It ,is not admitted by default. Parke v. Brown, 12 Ill. App. 291; Cronan v. Frizell, 42 Ill. 320; Madison Co. v. Smith, 95 Ill. 328; Augustine v. Doud, 1 Ill. App. 588.

Mr. JOHN GIBBONS, for appellee.

There is but one question which the court will consider: that is, did the Circuit Court abuse its discretion, upon the showing made in refusing to set aside the default and decree entered in the cause?

It is a well settled rule in this State "that a motion to set aside a default is addressed to the sound legal discretion of the court, and unless it appears the discretion has been wrongfully and oppressively exercised, this court, on appeal, will not interfere." Constantine v. Wells, 83 Ill. 192.

"Unless there has been such abuse of that discretion as works palpable injustice, it has not been the practice in this court to review such decisions." Schroer et al. v. Wessell, 89 Ill. 113.

Before a court can be called upon to exercise its discretion in setting aside a default and judgment, three things must be

made evident. First, a meritorious defense; second, a full disclosure of the facts and grounds upon which the merits of the defense arise, so as to enable the court to judge of its merits; and, third, a valid excuse for the fault and negligence of defendant in not appearing to the suit. All three of these indispensable prerequisites are wanting here. The court refused to open the case for the simple reason that the defense sought to be interposed was not meritorious.

The decree simply declares the paper writing to be void and enjoins the defendants from making any use of it to the detriment of complainant's rights. In Hannas v. Hannas, 110 Ill. 53, 64, it is held that a decree *pro confesso* may be rendered without any evidence and "the only inquiry admissible is as to the sufficiency of the allegations of the bill." Boston v. Nichols, 47 Ill. 353; Gault v. Hoagland, 25 Ill. 241, 266; Stephens v. Bicknell, 27 Ill. 444; Harmon v. Campbell, 30 Ill. 25; Manchester v. McKee, 4 Gilm. 511. The bill is not set out in full in the abstract, but both in the abstract and in the record it will be found amply sufficient to support the decree. The decree simply leaves both parties where they were before the paper writing was executed. It leaves the defendants at liberty to build and operate their road everywhere and anywhere —even in the rear of complainant's lots, provided they do not use "said consent of complainant so obtained, in any way, for the purpose of constructing and operating an elevated railroad along the alley in the rear of said lots."

BAILEY, J. The bill in this case avers the execution by the complainant to the Consolidated Rapid Transit and Elevated Railroad Company of Chicago, of an instrument, by which the complainant, among other things, consented to the construction by said company of an elevated railroad along the alley in the rear of certain lots belonging to the complainant, and seeks to obtain the cancellation of the instrument on two grounds: 1, that it was executed without consideration, and 2, for fraud. The first question presented by the appeal arises upon the defendants' demurrer to the bill, and in considering that question we are of course confined to the averments of the bill itself.

It does not distinctly appear from the bill whether said instrument was executed by the complainant under his seal or not, but as it is described in the bill as a deed or license granting to said company certain rights, it must be assumed, as against the complainant, that it was an instrument under seal. This conclusion, if not the necessary result of the express language of the bill, arises from the rule that a pleading should be construed most strongly against the pleader. If the instrument were of a character less solemn than a specialty, it must be presumed that the complainant would have so alleged. Assuming then, that the instrument was under seal, it is sufficient to say in relation to the first ground for relief, that the seal imports a consideration sufficient to sustain the validity of the instrument. A party to a contract under seal can not avoid the contract on the ground that it is a *nudum pactum.*

The bill alleges that the complainant was induced to execute said instrument by fraud, and the fraud alleged consists: 1, in presenting said instrument to the complainant for signature when he was busy in transacting his affairs and business, and 2, in making certain representations to him in relation to the advantages to him which would result from his signing said instrument and from the construction and operation of the proposed elevated railroad.

As to the first element of fraud there is no averment that provisions of the instrument were concealed from or misrepresented to the complainant, or that he had not a sufficient opportunity to examine and read the instrument, or that he did not read it or was not fully informed as to its contents. So far as appears by the bill the complainant executed said instrument deliberately and with full knowledge of all its provisions.

The representations averred are merely that it would be to the complainant's interest to sign the paper, and that the construction and operation of the proposed elevated railroad would increase the value of the complainant's property over 100 per cent. It is manifest that these are not representations which, even if false, are sufficient to avoid a contract. They are not representations of existing facts, but mere expressions

of opinion as to the future benefits to the complainant of the projected railroad. It is nowhere averred that said representations were fraudulently made and the question of their truthfulness is in its nature only mere matter of opinion. The rules of law on this subject are too well settled to require a citation of authorities, and it is only necessary to say, that the frauds alleged are plainly insufficient to sustain a decree annulling and canceling the contract.

The averments that the defendants, unless restrained from so doing, will record said instrument and proceed to act under it by using it in obtaining their franchise and by constructing and operating their proposed elevated railroad, can not avail the complainant, since, if the instrument is a valid one, the defendants have both the legal and equitable right to make such use of it, and there are no averments in the bill by which the invalidity of the instrument is shown. Not only, then, must we hold that the court below erred in overruling the demurrer, but also that the averments of the bill are insufficient to sustain the decree.

We are also inclined to the opinion that the court erred in overruling the defendants' motion to vacate the decree and permit the defendants to answer and defend. The affidavits filed in support of the motion show a meritorious defense. They establish the fact that the instrument in question was under seal, and, therefore, not liable to be avoided for want of consideration in fact, and they completely negative all charges of fraud. On the question of diligence it appears that, by the rules of practice in force in the Circuit Court, contested motions, including demurrers, are entitled to be placed upon what is called the calendar of contested motions, and that such calendar is to be called each Monday, and that motions not reached on that day shall go over and have precedence on the following Monday. The demurrer in this case was on the calendar of contested motions subject to call on Monday, February 28th, and it appears that said demurrer not being reached, and the call of the calendar not being completed on that day, the court announced orally that the call would be proceeded with on the following day. No order to that effect

was entered of record, nor was the rule abrogated or in any way modified, but on the following day the call was resumed without the knowledge or notice to the defendants or their solicitors, and said demurrer being reached and no counsel appearing for the defendants; the demurrer was overruled for want of prosecution.

The rules of court, so long as they remain in force, constitute rules of law regulating the practice in the court by which they are adopted, and while they may be abrogated or modified by the court at its pleasure, so long as they are in force, they should be followed, and litigants and their solicitors are not chargeable with negligence in assuming that such rules will be pursued and enforced. We can not see that the defendant's counsel were in any degree negligent in assuming that the demurrer in this case would not be called up for disposition on Tuesday, March 1st, the day it was overruled, and for absenting themselves from court on that day. The affidavits then showing a meritorious defense, and also showing that the defendants and their counsel were in no degree chargeable with negligence, their motion to vacate the decree should have been sustained.

For the errors above pointed out, the decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*