# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## FIRST DISTRICT—MARCH TERM, 1892.

### IMPERIAL BUILDING COMPANY

### v.

### GEORGE COOK.

46 279
54 246
46 279
55 202
55 232
55 309
152s 638

*Judgments and Decrees—Default—Service of Writ upon Corporation.*

1. When a judgment by default is reversed for want of a valid return of service, the case is not to be remanded.

2. In view of Sec. 5, Chap. 110, R. S., the service of a writ upon a corporation by delivering a copy thereof to its vice-president, he not being shown to be its agent, is bad.

3. In the absence of information as to the duties of the vice-president of the corporation in the case presented, this court can not hold him to be an agent thereof, in view of the statute in question.

[Opinion filed October 28, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. ULLMANN & HACKER, for plaintiff in error.

Messrs. R. W. MORRISON and MAX ROBINSON, for defendant in error.

(279).

MR. JUSTICE GARY. This is a writ of error bringing before us for review a judgment by default.

The only question is as to the sufficiency of the sheriff's return upon the summons, as follows: "Served this writ on the within named, The Imperial Building Company, by delivering a copy thereof to F. S. Eames, vice-president of said company, the 19th day of June, 1890. The president not found in my county.

CANUTE R. MATSON, Sheriff,

By W. A. JOHNSON, Deputy."

The statute provides: "An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent, or any agent of said company found in the county." Sec. 5, Chap. 110, R. S.

The sufficiency of the return depends upon whether we can hold that a vice-president, of whose duties we in fact know nothing, is an agent of the company. Our own observation is, that often the vice-president of a corporation is much like the fifth wheel of a gun carriage; he is only called into service in the absence of the president from duty. Such absence at the moment from the county, is no evidence of absence from duty.

As was said in I. & M. Tel. Co. v. Kennedy, 24 Ill. 319, "the return must be positive that the writ was served upon the president (here agent), and the officer must take the responsibility of determining the fact. To serve it upon A. B., as president, is not a compliance with the statute."

Barrett v. Am. Tel. Co., 63 N. Y. (Sup'r), 430, holding that "general superintendent" might be considered synonymous with "managing agent," is not in point; and the dictum in Norfolk & W. R. Co. v. Cottrel, 83 Vir. 512, and the decision, are correct. Con. Co. v. Frost, 15 Col. 310, that a vice-president is to be regarded as an agent, we can not follow. The judgment must therefore be reversed.

Where a judgment by default is reversed for want of a valid return of service, the case is not to be remanded. This was expressly decided in Ditch v. Edwards, 1 Scam. 127, and is implied in the case cited from 24th Ill.

*Judgment reversed.*