# B. A. Morgan v. Archibald Campbell.

1. JUDGMENT—*Recitals, Not Evidence When Set Aside.*—When a judgment is set aside the recitals in it cease to have any force as evidence.

2. APPEALS—*When Appellant is in Default, the Appeal, Not the Cause, May Be Dismissed.*—On an appeal in the Circuit Court, from a justice of the peace, when the cause is reached for trial, if the appellant does not appear, the appeal, not the suit, may be dismissed for want of prosecution with procedendo to the justice.

3. COSTS—*On Dismissal of the Suit.*—When a cause is dismissed, the court can not adjudge costs against the defendant.

4. RULES OF COURT—*In the Record on Appeal.*—A rule of the trial court can not be introduced into the cause for the first time in the Appellate Court. The clerk of the trial court can certify the record of the suit in which the appeal is taken, and if any matter extraneous to the record proper is to be presented, it must come in a bill of exceptions, if in law, or a certificate of evidence, if in chancery.

5. PRACTICE—*Status of Parties on Dismissal of Suit.*—By an order of court dismissing the suit, the parties are out of court. Jurisdiction over them is at an end, and they stand as they did before the commencement of the suit.

6. JURISDICTION—*Of Parties on Dismissal after the Term Has Passed.*—Jurisdiction having been once lost, and the term passed, the record must show that it was regained, and how, or the judgment has no basis. The failure of the record to show notice of a motion to reinstate a case dismissed at a former term, is fatal.

7. SET-OFF—*Right of Trial on in Plaintiff's Absence.*—Under Sec. 30 of Chap. 110, R. S., entitled "Practice," where the defendant interposes a plea or notice of set-off he may try the case *ex parte*, and recover a judgment on a set-off, in the absence of the plaintiff, if he does not appear when the case is called for trial.

8. NON-SUIT—*Before the Practice Act.*—Before the passage of the act of 1872, a defendant could not have a trial in the absence of the plaintiff; all that the could have was a non-suit.

9. PLEADING—*A Set-off in Writing.*—In cases in the Circuit Court pending on appeal from justice's court, if the defendant desires to avail himself of a set-off, he must file his plea thereof or give the required notice in writing.

**Memorandum.**—Assumpsit. Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and reversed. Opinion filed March 26, 1894.

The opinion states the case.

Morgan v. Campbell.

Brief of Plaintiff in Error, H. B. Spurlock, Attorney.

That the court had no jurisdiction at the subsequent June term to set aside the order of dismissal and judgment entered May 23, 1892 (the May term), has been settled beyond question by the repeated decisions of this, as well as of the Supreme Court of this State. Dunkelman v. H. Brunnell, 44 Ill. App. 438.

Where a suit pending on appeal from a justice was irregularly dismissed for want of prosecution, the court had no authority, at the next term, to reinstate it. Smith v. Wilson, 26 Ill. 186; Fox v. Quinn, 75 Ill. 232, and Hunt v. Baldwin, 27 Ill. App. 446.

Complaint of irregularity in disposing of an appeal suit in the Circuit Court, comes too late at a subsequent term. Court can not vacate judgment after term. Cook v. Wood, 24 Ill. 295; Coursen v. Hixon, 78 Ill. 339; Becker v. Santer, 89 Ill. 596.

P. J. O'Shea, attorney for defendant in error.

Mr. Justice Gary delivered the opinion of the Court.

Morgan sued Campbell before a justice and recovered. Campbell appealed to the Circuit Court. There Campbell obtained a verdict upon a trial in which both parties took part, finding " the issues in the set-off in favor of the defendant, and " assessing " his damages at ninety-six dollars." There is nothing else in the record to indicate that there was any set-off, and the court set the verdict aside. Being set aside, no recital in it is evidence of anything. Black on Judgments, 682.

Seven months later, on the 23d day of May, 1892, appears on the record this entry:

"Mrs. A. B. Morgan
vs. } Appeal.
Archibald Campbell.

This cause this day being called for trial, and the appellant failing to prosecute his appeal in this behalf, it is ordered that said cause be, and the same is hereby dismissed at appellant's cost for want of prosecution.

Therefore it is considered by the court that the appellee do have and recover of and from the appellant her costs and charges in this behalf as well as in the court below expended, and have execution therefor."

This order was irregular, for if the appellant there—Campbell—was in default, not the cause, but the appeal, should have been dismissed with the procedendo to the justice. And when a cause is dismissed, the court should not adjudge costs against the defendant, even if it is dismissed for a bad reason.

The appellee has asked leave to assign as a cross-error, that "the court below erred in dismissing the appeal for the reason that he was not warranted in so doing by any rule of said Circuit Court, or by any rule of law for such case made or provided;" and has filed here a certified copy of a rule of the Circuit Court, entered March 13, 1892.

The application to assign that cross-error is denied. The appeal was not dismissed, but the cause was, so that there is no foundation for assigning error on the dismissal of that appeal. Nor can we look at a rule of the Circuit Court brought here in the way this is. The clerk of the Circuit Court can certify to this court the record of the cause in which the appeal or writ of error is; if any matter extraneous to the record proper is to be presented, it must come in a bill of exceptions—if at law—or a certificate of evidence if in chancery, though perhaps if such certified copy were filed in the cause as part of the proceedings there in a chancery suit, it would thereby be a part of the record, as depositions are. But in no way can it be introduced into the cause for the first time here.

We are not advised of any decision in point, but the practice is shown in Consolidated Rapid Transit, etc., v. O'Neill, 25 Ill. App. 313, and Illinois Central v. Haskins, 115 Ill. 300.

By the order dismissing the cause the parties were out of court, jurisdiction of the court over them was gone, and they stood as they were before the suit was commenced.

The transcript contains a petition filed July 14, 1892, the

contents of which we need not comment upon, and an order entered the same day as follows:

"MRS. B. A. MORGAN ⎱
　　　vs.　　　　⎰ Appeal by defendant.
ARCHIBALD CAMPBELL. ⎰

On motion of said defendant, by his attorney, predicated on notice and affidavit, it is ordered by the court that the order of dismissal and judgment entered herein on May 23, 1892, be, and the same is hereby set aside and vacated, and that said appeal be, and it is, reinstated upon the docket of this court."

That under the 66th section of the Practice Act of 1872, substituting a motion for the common law writ of error *coram nobis*, there possibly, not probably, might have been a case warranting the action of the court, may be admitted; but that writ and the proceedings upon it, would have been a part of the record. See the proceedings in Dennis v. Dennis, 2 Saunders 328.

No *sci. fa.* is there shown, as the plaintiff in the original suit appeared voluntarily; if she had not, a *sci. fa.* would have been necessary. Bacon Abr., title Error F.

There is no other proof of notice of the application to reinstate the case, than the words " predicated on notice " contained in the order reinstating. Notice to whom and of what, is mere conjecture. The record must show that the court had jurisdiction of the person of the party affected by the judgment. Wilson v. Greathouse, 1 Scam. 174; Clemson v. Harum, 1 Scam. 176.

Jurisdiction having been once lost, and the term passed, the record must show that it was regained, and how, or the judgment has no basis. In Sweeney v. People, 28 Ill. 208, it is said that " on a writ of error, the party, to retain his judgment, must show a good record." In Miller v. Glass, 14 Ill. App. 177, that rule was applied to a case, which, being remanded by this court to the Superior Court of Cook County, was there disposed of, and the record did not show that the party against whom the judgment went, had been notified that the remanding order had been filed. Hettrick

v. Wilson, 12 Ohio St. 136, is also there cited as authority, in which the Ohio court held, that the failure of the record to show notice of a motion to reinstate a case dismissed at a former term was fatal.

It is there said: "It has been suggested that where the record is silent on the subject, we must presume that the defendant below was regularly in court. But we can not so hold in this case. For, however we might presume in favor of the validity of a judgment, where the parties are shown to have been before the court, and where they could, therefore, have made the error complained of appear affirmatively by exception or otherwise, yet no such presumption can be admitted to prevent the direct impeachment of a judgment, where the subject of the complaint is that the party has had no day in court, and so had no opportunity of placing anything upon the record."

Whenever the case arises it may be necessary to hold that a motion and notice, preserved in the files, which have been used in lieu of the common law writ of error *coram nobis* and *scire facias*, under section 66, are, as they take the place of what would be record without bill of exceptions, also record without such bill; but that question is not before us. We might stop here, by reversing without remanding, as there can be no further proceedings below in a case which was there finally terminated long before the judgment brought before us by this writ of error. Ditch v. Edward, 1 Scam. 127, followed in Imperial Building Co. v. Cook, 46 Ill. App. 279.

After the case was reinstated fourteen months passed, with no appearance by the plaintiff below as well as here, and then, on the appearance of Campbell only, the case was tried, and he obtained a verdict and judgment against Morgan for $200, so that Morgan is just that much, with costs, worse off than he would have been had he not sued Campbell at all.

Now, before the statute of 1872, to be hereinafter considered, a defendant could not have a trial in the absence of the plaintiff. All that the defendant could have was a non-

Morgan v. Campbell.

suit. McAllister, J., in Seavey v. Rogers, 69 Ill. 534; Anderson v. Shaw, 3 Bingham 290; E. C. L. 147.

Now, as to the statute, Sec. 30 of the Practice Act of 1872, reads, "When such plea or notice of set-off is interposed, the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant, or leave of the court." This is a statute entitled "An act in regard to practice in courts of record," and the words "such plea or notice of set-off" refer to the next preceding section providing for a plea or notice which must be formal and written. In cases commenced before a justice no such written plea or notice is necessary, either before the justice or on appeal, and, if permissible, there was none in this case. It is true that Sec. 74 of the Justice Act says that "the plaintiff in the justice's court shall be plaintiff in the Appellate Court, on the trial of the appeal, and the rights of the parties shall be the same as in original actions."

We concede "original actions" means actions commenced in the court where the appeal is pending; and among the rights of the defendant in such actions is that of trying the case *ex parte*, and recovering a judgment on a set-off, when a "plea of notice of set-off is interposed," in the absence of the plaintiff, if he does not appear when the case is called for trial. East St. Louis v. Thomas, 102 Ill. 453.

That right is under section 30, before quoted; but without straining the words of that section they can not apply to a case where no plea or notice was in fact "interposed," nor to a class of cases in which, in practice, no such plea or notice ever is "interposed." Section 74 entitles either party to a jury of twelve, instructions to the jury, exceptions to rulings of the court, etc., but without doing violence to language which, without enlarging its operation, works a serious innovation upon the common law. Section 30 does not extend to a defendant on an appeal, a right which depends upon conditions which a defendant on an appeal never complies with.

If this were the only error the case would be remanded, but there can be no further proceedings, as before said. The judgment is reversed only.