## Dennis Owens v. Bridget Owens.

1. DECREES—*Facts Found by a Jury, When Final.*—Where an issue in chancery is tried by a jury, the facts established by the verdict appearing in the record and recited in the decree are final, unless the party against whom the verdict is rendered, moves in the court below to set it aside or for a new trial.

2. ALIMONY—*Subject to Subsequent Orders of Court.*—If the amount of alimony is too great, or the extent of the lien of the decree securing it, oppressive, application can be made to the court for a modification.

**Memorandum.**—Divorce and separate maintenance. In the Circuit Court of Stark County; the Hon. THOMAS M. SHAW, Judge, presiding. Decree for alimony, etc., on cross-bill; error by complainant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

J. A. McKENZIE, attorney for plaintiff in error.

M. SHALLENBERGER and A. P. MILLER, attorneys for defendant in error.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The plaintiff in error filed this bill in the Circuit Court of Stark County against the defendant in error for divorce.

The latter filed her petition for separate maintenance. By agreement both issues were tried by the same jury. The jury found in favor of the defendant in error on the issue raised by her petition, *i. e.*, that she was living separate and apart from her husband without any fault of her own at the time of the commencement of the suit, and was still so living, and found the issues on plaintiff in error's bill for divorce in her favor. The court, upon this verdict of the jury, gave defendant in error as alimony, $300, a house and a small lot of ground, and recited the fact of the verdict in the decree, and dismissed plaintiff in error's bill for divorce.

The plaintiff in error brings up this record and asks reversal because there is no evidence preserved in the record to sustain the verdict as to defendant in error's petition or as to the amount of alimony allowed her, and because the decree creates a lien on all plaintiff in error's land instead of a portion of it as it should have done, so as not to be oppressive.

We do not think these points well taken.

The important fact that defendant in error lived apart from her husband without any fault of her own is established by the verdict of the jury appearing in the record and recited in the decree, which is final as against plaintiff in error unless he make motion in the court below to set it aside or for new trial. Fanning et al. v. Russell et al., 94 Ill. 386; Bonnell v. Lewis, 3 Brad. 285; Pankey v. Lang, 51 Ill. 88.

The right of separate maintenance is therefore established as shown by the record, by the verdict of the jury upon which the decree is based.

The reasonableness of the amount of the alimony is sufficiently shown by the admissions of the plaintiff in error in his answer to defendant in error's petition for alimony in which he asserts having a farm worth $11,000 and that he is amply able to support his wife and child.

The decree is only for the moderate sum of three hundred dollars per annum, an amount equal only to a moderate

support of his wife and child. If the amount of the alimony is too great, or the extent of the lien oppressive, application can be made under the statute for modification and in case sale of any portion of the farm is desired. Thomas v. Thomas, 44 Appellate Court R. 604.

Seeing no error in the record the decree of the court below is affirmed.