## O. M. Brady v. Washington Insurance Co.

1. JUDGMENTS—*Setting Aside—Notice.*—Notice must be given to the parties in interest before a final judgment can be set aside after the close of the term at which it was rendered.

2. JURISDICTION—*Must Appear in Record to Sustain Judgment.*—On direct proceedings to review a judgment, the jurisdiction of the court over the persons must appear by the record, or the judgment can not be sustained.

Transcript, from justice of the peace. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed November 19, 1896.

F. L. SALISBURY, attorney for appellant.

A. L. FLANINGHAM, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

April 30, 1896, an appeal, by the appellee here from a justice, pending in the Superior Court, was dismissed for want of prosecution at the costs of the appellee here and appellant there, for which final judgment was then and there entered.

May 23, 1896, which was in the following term of the court, without notice, so far as the record shows, to the appellant here, that judgment was set aside and the appeal reinstated.

At the next term thereafter, the case was called for trial and dismissed for want of prosecution, and final judgment entered against the appellant here for costs.

Whether there was such cause for setting aside the first judgment as would have been available upon the common law writ of error *coram nobis*, does not appear by this record—and probably there was no such cause; but if there had been, the court had no jurisdiction, having once lost it by the lapse of the term, to act without notice. Morgan v. Campbell, 54 Ill. App. 242; Underwood v. Masterson, No. 6678, filed November 5, 1896.

On direct proceedings to review a judgment, the jurisdiction of the court over the person must appear by the record, or the judgment can not be sustained. Ibid., and Law v. Grommes, 158 Ill. 492, reversing 56 Ill. App. 312.

Although the record states that the appellant excepted to the last action of the court, it does not appear that he did anything that waived his right to object that the court had not regained jurisdiction of the case, as did the defendant in Prall v. Hunt, 41 Ill. App. 140, and the plaintiff in Nat. Un. Bldg. Ass'n v. Brewer, Ibid. 223. See also Newlan v. Lombard University, 62 Ill. 195, and Humphreyville v. Culver, 73 Ill. 485, that litigants may waive a preceding disposition of their case.

The judgment of the June term, 1896, is reversed, and the cause remanded with directions to vacate the order of the May term, 1896, unless some cause be shown for setting aside the judgment of April, 1896, which would be sufficient on a writ of error *coram nobis*.

As to what would be such cause, there is much learning in the books.

Reversed and remanded with directions.