(No. 16285.—Decree affirmed.)
OTIS W. HOIT, Conservator, Appellee, vs. FRANK A. SNOD-
GRASS, Appellant.

*Opinion filed February 17, 1925.*

1. JURISDICTION—*judgment of court having jurisdiction cannot be questioned collaterally—county court.* Where a court has jurisdiction of the subject matter and the parties its judgment or decree cannot be questioned collaterally, no matter how erroneous it may be; and the county court, when adjudicating upon questions of which it has general jurisdiction, is entitled to as liberal intendments in favor of its jurisdiction as are extended to the acts of courts of general jurisdiction.

2. SAME—*orders of county court in conservatorship proceedings cannot be questioned collaterally in the circuit court.* County courts have jurisdiction to appoint conservators of insane and distracted persons and jurisdiction of their estates after a conservator has been appointed, and the orders, judgments and decrees of county courts in conservatorship proceedings are not subject to review by the circuit court in a collateral proceeding, but any errors which exist must be corrected in the county court by proper proceedings or by a court of review regularly exercising its appellate jurisdiction.

3. INSANE PERSONS—*purchaser at judicial sale of estate of insane person will be protected against irregularities.* A purchaser in good faith at a judicial sale of property to pay the debts of an insane person, for whom a conservator has been appointed by the county court, will be protected against irregularities in the ordering of the sale of the property.

4. SAME—*county court has general jurisdiction of estate of insane ward.* The county court has general jurisdiction of an insane ward's estate, and in the exercise of that jurisdiction it has power to direct the sale of real estate belonging to the ward.

5. SPECIFIC PERFORMANCE—*order for sale of an insane ward's property cannot be questioned in suit for specific performance.* In a suit for specific performance against the purchaser of property at a sale ordered by the county court to pay the debts of an insane ward's estate, the question whether the county court erred in ordering the real estate sold free from the liens of those whose claims were secured by mortgages and whose claims were reduced to judgment is not open for consideration, as the proceeding in the county court was a proceeding *in rem,* and its orders are, until set aside, reversed or modified in a regular and direct proceeding, binding on all the world.

APPEAL from the Circuit Court of Henry county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

GEORGE W. WOOD, and DAN H. McNEAL, for appellant.

HENRY WATERMAN, and JOSEPH L. SHAW, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted to review the decree of the circuit court of Henry county directing the specific performance of a contract for the sale of real estate.

John F. Smith, who was the owner of lands in Henry county valued at $275,000, became financially involved. December 8, 1920, a petition was filed in the county court of Henry county alleging that petitioners "are reputable citizens of the county of Henry and State of Illinois; that John F. Smith, who resides in the city of Geneseo, in the county aforesaid, is an insane person, who by reason of such unsoundness of mind is incapable of managing and caring for his own estate." The prayer is "to appoint some fit and proper person conservator of the estate of the said John F. Smith." Smith was duly summoned and a guardian *ad litem* appointed for him. There was a trial by jury, and the jury returned a verdict finding "that said John F. Smith is insane and in consequence of such disability is incapable of managing and caring for his property and effects," and that a conservator should be appointed. The court received the verdict and entered it of record, and thereupon entered its order appointing Otis W. Hoit conservator. Hoit filed his report estimating the total assets of the estate to be about $290,000 and listed claims showing that the total liabilities amounted to more than $310,000. He filed his petition for leave to sell real estate of his ward to pay debts, and due notice was given to all parties concerned.

The court found that it was for the best interests of the ward and the creditors to sell the lands free and clear of all liens and encumbrances and that the conservator assure purchasers at the sale that a merchantable title to the lands would be shown by abstract. Pursuant to said order the lands here involved, amounting to 368.5 acres, were sold for the sum of $55,275 to appellant, Frank A. Snodgrass. The conservator furnished an abstract of title in accordance with the terms of a formal contract of sale entered into between the parties to this suit, and appellant refused to perform the contract for the reason that the title shown by the abstract is not merchantable.

The errors assigned and argued by appellant are: (*a*) That the petition filed for the appointment of a conservator contains no prayer for an adjudication of insanity; (*b*) that no order was entered at the term the verdict was rendered finding John F. Smith to be insane; (*c*) that the court had no power to enter an order *nunc pro tunc* after the expiration of the term at which the verdict was entered finding Smith to be insane; (*d*) that the court had no authority to order the conservator to sell the lands of his ward free from existing liens and encumbrances without the consent of the lienholders; (*e*) that the entering of the *nunc pro tunc* order after the entering of the order confirming the sale did not validate the proceedings intervening between the verdict of the jury and the entering of such *nunc pro tunc* order; and (*f*) that if section 29 of chapter 86 of the statutes of this State be construed to give power to the county court to order the sale of lands of a ward by the conservator free and clear of all liens and encumbrances it is to that extent unconstitutional, for the reason that it authorizes an order that impairs the obligation of contracts.

All of these objections amount to the same thing and so may be treated under one head. They all challenge the regularity of the proceedings with respect to the appointment of the conservator and the administration of the

ward's estate, and the attempt in this proceeding in the circuit court is to review the proceedings in the county court.

The law is well settled in this State that the county court, when adjudicating upon questions of which it has general jurisdiction, is entitled to as liberal intendments in favor of its jurisdiction as are extended to the acts of courts of general jurisdiction. (*Bostwick* v. *Skinner,* 80 Ill. 147; *Wight* v. *Wallbaum,* 39 id. 554.) It is the settled doctrine of this court that the regularity or validity of the appointment of a conservator cannot be questioned collaterally. (*Fecht* v. *Freeman,* 251 Ill. 84; *Dodge* v. *Cole,* 97 id. 338.) The county courts of this State have jurisdiction to appoint conservators of insane and distracted persons and jurisdiction over their persons and estates after a conservator has been appointed. Where the court has jurisdiction of the subject matter and the parties its judgment or decree cannot be questioned collaterally, no matter how erroneous it may be. This rule applies in all its force to the county court, which has general jurisdiction of conservatorship proceedings, and its judgments and decrees are not subject to review by the circuit court collaterally for error. (*Sheahan* v. *Madigan,* 275 Ill. 372.) While the court may have proceeded irregularly in ordering the sale of the real estate in question, a purchaser in good faith under its judgment is protected. (*Spring* v. *Kane,* 86 Ill. 580.) Having a right to decide every question that occurred in the proceedings, the errors and irregularities of the court rendering judgment, if any exist, must be corrected in that court by proper proceedings or by a court of review regularly exercising its appellate jurisdiction. Where the parties to the proceedings make no effort to set aside the judgment of the court for error in its proceedings and the judgment stands unimpeached, a stranger in a collateral proceeding cannot challenge its validity. (*Swiggart* v. *Harber,* 4 Scam. 364.) When the general character of a judgment is such that its subject matter falls within the general

jurisdiction of the court that enters it, a collateral attack cannot be made thereon even though the pleadings may be defective and subject to demurrer. *Christianson* v. *King County,* 239 U. S. 356, 36 Sup. Ct. 114; *Jarrell* v. *Laurel Coal and Land Co.* 75 W. Va. 752, L. R: A. 1916E, 312; *Tube City Mining and Milling Co.* v. *Otterson,* 16 Ariz. 305, 146 Pac. 203; *Altman* v. *School District,* 35 Ore. 85, 56 Pac. 291; *In re James' Estate,* 99 Cal. 374, 33 Pac. 1122; *Trumble* v. *Williams,* 18 Neb. 144, 24 N. W. 716.

The questions raised with respect to the proceedings in the county court are not before us for decision, but assuming that all the errors urged are well taken, none of them are of a character to deprive the court of jurisdiction. Grant that the petition should have contained a formal prayer to declare Smith insane, the action of the county court in treating the petition as sufficient and rendering its judgment appointing the conservator can be nothing more than error. And the same may be said of the action of the court in entering its *nunc pro tunc* order at a subsequent term. There is no bill of exceptions in this record, nor could there be, showing that the court did not have before it proper memoranda justifying the entry of the order. All of the authorities in this State are to the effect that the county court has general jurisdiction of an insane ward's estate and that in the exercise of that jurisdiction it has power to direct the sale of real estate belonging to the ward. In the proceeding here questioned the court had jurisdiction of the subject matter and had jurisdiction of all the persons having claims against the estate. Whether it erred in ordering the real estate sold free from the liens of those whose claims are secured by mortgages on the real estate involved and whose claims have been reduced to judgment is a question not open for consideration in the proceeding in the circuit court to compel the specific performance of a contract for the sale of the real estate. The proceeding in the county court was one *in rem,* and the orders entered by

it are, until set aside, reversed or modified in a regular and direct proceeding, binding on all the world.

The decree of the circuit court is affirmed.

*Decree affirmed.*