## A. M. Hunsaker, Plaintiff in Error, v. John Watts, Defendant in Error.

### Gen. No. 8,406.

Opinion filed April 22, 1930.

ALBERT E. ISLEY, for plaintiff in error.

WM. T. HOLLENBECK and H. J. BUXBAUM, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the plaintiff in error, A. M. Hunsaker, sued out a writ of error to review the validity of the rendition of a judgment by default against him in the circuit court of Clark county. The judgment was rendered for the sum of $1,500 in favor of the defendant in error, John Watts.

It is sufficient to say concerning the questions raised for reversal of the judgment, that the record of proceedings which resulted in the judgment does not show that the plaintiff in error was served with process; nor that any proof was made to the court that a summons had been legally served on the plaintiff in error at least ten days before the term at which the judgment was rendered, as required by the statute. There is a recital in the transcript of record concerning the default, certified by the clerk as a part of the record of proceedings, which was apparently copied from the minutes of the presiding judge of the court. The recital is as follows: "Defendants personally served —no plea on file by defendant A. M. Hunsaker and default is entered against him." The jurisdictional requisite of service is not a matter of which a court can

take judicial notice; but proof of such service must be made to the court before a default can be legally ordered and a judgment rendered against a defendant. The filing of a summons in the office of the clerk of the court with the return of the sheriff showing service, after the final adjournment of the term at which the judgment was rendered cannot be regarded as proof of service, nor as a part of the proceedings of the court for the rendition of the judgment. The mere filing of the summons as above stated does not supply the jurisdictional requisite referred to.

The matter under consideration has been repeatedly passed upon, and is well settled. In *Wilson v. Greathouse,* 1 Scam. 174, the court makes the following comment concerning it: "It is essential to the exercise of all jurisdictions rendering judgments or decrees affecting the persons or property of individuals where the proceeding is by summons directed to the defendants, that they should have indisputable evidence before them that the party to be affected by their judgments or decrees is regularly before them, otherwise their proceedings are *coram non judice;* consequently irregular and void." In *Belingall v. Gear,* 3 Scam. 575, the court points out that: "Before a court is authorized to render a judgment by default, it must appear clearly and affirmatively, by the return of the officer charged by law with the service of the process, that the defendant has been regularly served." And in *Vairin v. Edmonson,* 5 Gilm. 270, the court held: "To sustain a judgment by default, the record ought affirmatively to show that the defendant was regularly served with process." To the same effect is *Law v. Grommes,* 158 Ill. 492.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*