Sherman & Ellis, Inc., Plaintiff in Error, v. The Journal of Commerce and Commercial Bulletin, Defendant in Error.

Gen. No. 34,388.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed December 22, 1930. Rehearing denied January 5, 1931.

KNAPP, BEYE, ALLEN, COCHRAN & CUSHING, for plaintiff in error; JOHN R. COCHRAN and LEONARD F. MARTIN, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

By this writ of error plaintiff seeks the reversal of an order of the circuit court entered upon motion of the defendant expunging from the record certain orders, including a judgment against defendant for $300,000. The motion challenges an order reinstating the cause after it had been dismissed for want of prosecution.

Plaintiff brought suit in an action of trespass on the case, alleging that defendant had maliciously circulated false reports about plaintiff's business. The record purports to show that on September 11, 1924, summons was served on an agent of defendant. November 21, 1924, an order was entered finding defendant in default for failure to appear. The next order was entered December 1, 1926, to the effect that the cause being called for trial and plaintiff failing to prosecute its suit, it was ordered that the same be dismissed for want of prosecution, and it was adjudged that plaintiff take nothing and the defendant go hence. The record next shows a motion filed January 25, 1927, on behalf of plaintiff, moving the court to vacate the order of December 1, 1926, dismissing the cause, and to reinstate it. This motion was supported by an affidavit asserting that at the time the order of December 1, 1926, dismissing the cause, was entered, there had been a prior order defaulting defendant and that the judge of the circuit court did not know that this default order had been entered, and that if he had known it he would not have entered the order of dismissal. The court, thereupon, on January 25, 1927, entered an order setting aside the prior order of dismissal and reciting that summons had been issued in July, 1924, and due process had upon the defendant corporation in October, 1924, and an order of default entered in November, 1924, and that "through errors

of fact not appearing on the record," the cause was dismissed for want of prosecution.

Subsequently, on May 25, 1927, an order was entered reciting that the cause had been reached for trial on the regular call of the calendar and pursuant to the rules of the court, and the plaintiff appearing by its attorneys and no one appearing for the defendant, it had been defaulted on November 26, 1924, and the court found upon oral and documentary evidence that the plaintiff had been damaged as alleged in its declaration and was entitled to recover damages to the amount of $300,000.

February 28, 1928, defendant filed its motion to expunge all orders subsequent to the order of December 1, 1926, dismissing the cause for want of prosecution, and that the judgment entered May 25, 1927, for $300,000, against defendant be vacated and set aside. This motion was supported by an affidavit to the effect that defendant had never been served with summons in this cause and that the person shown by the writ as having been served was never an officer, agent, employee or in any manner whatsoever connected with defendant corporation and that none of the officers of said corporation knew that the suit was pending or judgment taken until December, 1927. Plaintiff filed a demurrer to this motion. May 12, 1928, an order was entered expunging all orders subsequent to the order of December 1, 1926, which was the order dismissing the cause for want of prosecution.

Plaintiff in his brief attacks this order of May 12, 1928, on the ground that it is not sufficient under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, to justify vacating the prior orders; that this motion is to correct errors of fact which, if the court had known, the judgment would not have been entered and that the errors complained of are errors at law which are not reached by the motion in the nature of a writ

of error *coram nobis*. To this defendant replies that
this motion is not in the nature of a writ of error
*coram nobis* brought under section 89, but is a motion
to expunge from the record a void judgment and that
it is fundamental that the court may at any time ex-
punge from the record such orders.

We are of the opinion that defendant's position
should be sustained. It has been repeatedly held that
a court may at any time expunge from its record void
orders or judgments. As a general rule, a court has
no power to set aside its judgments at a subsequent
term, but this is subject to a number of exceptions,
independent of any authority conferred by section 89.
One of these exceptions is that a court has power to
vacate a judgment at any time after the expiration of
the term at which it was rendered, where the court
was without jurisdiction to enter such judgment. *City
of Chicago v. Nedeck,* 202 Ill. 257; *City of Olney v.
Harvey & Boyd,* 50 Ill. 453. In *Zandstra v. Zandstra,*
226 Ill. App. 293, the opinion contains rather an exten-
sive discussion of this question with citation of numer-
ous authorities; and while the instant point was not
necessary to the decision of that case, the opinion clear-
ly shows that the weight of authority supports the
proposition that, where a court never acquired jurisdic-
tion to enter the judgment, the lapse of time does not
affect the right to make the motion to expunge. Among
other supporting cases are *Rybarczyk v. Weglarz,* 204
Ill. App. 232; *Keeler v. People,* 160 Ill. 179; *Clark v.
Daniel Hayes Co.,* 215 Ill. App. 350; *People v. Wein-
stein,* 298 Ill. 264.

Did the court have jurisdiction of the defendant at
the time it entered the order of January 25, 1927, rein-
stating the cause after it had been dismissed for want
of prosecution? The motion upon which this order
was entered was concededly under section 89 of the
Practice Act, Cahill's St. ch. 110, ¶ 89. This section

provides, among other things, that errors of fact may be corrected by the court upon motion in writing "upon reasonable notice." In *Barnes v. Chicago City Ry. Co.,* 185 Ill. App. 148, it was held not only that the motion must be made in writing showing some meritorious right to be enforced, but that "the notice provided by that section is the process. The service of such notice gives jurisdiction of the parties." This was followed in *Wagener v. Western Electric Co.,* 213 Ill. App. 326. It is well settled by many decisions that the motion is the commencement of a new suit at law, in which new issues are made up, and that such suit is independent of the proceeding in which the order sought to be set aside was rendered and is an entirely different suit at law. *Harris v. Chicago House Wrecking Co.,* 314 Ill. 500.

The record must contain the process by which the defendant is brought into court. *Burke v. Chicago & N. W. R. Co.,* 108 Ill. App. 565; *In the Matter of Estate of Martha Janett,* 199 Ill. App. 13. The clerk certifies that the instant record is perfect and complete, and it fails to show that any notice was served on defendant of plaintiff's motion on January 25, 1927, to reinstate the cause. In other words, the record fails to show service of process on the defendant, which was necessary to give the court jurisdiction.

Plaintiff argues that the recital in the judgment order of May 25, 1927, that the court had jurisdiction of the parties, is a sufficient recital to show jurisdiction. Where the record fails to show service of process or notice as required by statute, such error is not cured by a recital in the judgment that the court had jurisdiction of the parties. *Law v. Grommes,* 158 Ill. 492; *Randall v. Songer,* 16 Ill. 27; *Oulvey v. Little,* 233 Ill. App. 553; *Hunsaker v. Watts,* 257 Ill. App. 351; *Forrest v. Fly,* 218 Ill. 165; *Dickinson v. Ridgely,* 188 Ill. App. 252. In *Morgan v. Campbell,* 54 Ill. App. 242, where a similar motion was made, it was held that

the only proof of notice of the application to reinstate the cause were the words "predicated upon notice" contained in the order of reinstatement. These were held insufficient and that the record must show the court had jurisdiction of the party affected by the order, the opinion saying: "Jurisdiction having been once lost, and the term passed, the record must show that it was regained, and how, or the judgment has no basis." Similar cases supporting this ruling are *Smith v. Wilson,* 26 Ill. 186; *Brady v. Washington Ins. Co.,* 67 Ill. App. 159; *Reynolds v. Anspach,* 14 Ill. App. 38; *Klaproth v. Greenberg,* 169 Ill. App. 477. Furthermore, if the court had no jurisdiction to enter the order of January 25, 1927, reinstating the cause, recitals in that or in subsequent orders would be ineffectual and of no avail to give jurisdiction. A court does not acquire jurisdiction by a mere recital contrary to what is shown by the record.

Although it is unnecessary for us to pass upon the motion made to reinstate the cause, it should be mentioned that it set forth no matters which warranted the entry of the order of reinstatement. The only matter of fact set forth in the motion is that before the order of dismissal there had been entered an order finding defendant in default. This is not an error of fact to be cured by a motion under section 89 of the Practice Act. The court takes judicial notice of its records, and errors which may be corrected under this motion must not appear on the face of the record. *Chapman v. North American Life Ins. Co.,* 292 Ill. 179; *Hickman v. Ritchey Coal Co.,* 252 Ill. App. 560; *Pisa v. Rezek,* 206 Ill. 344.

For the reasons indicated we hold that the order of May 12, 1928, expunging the orders therein referred to was proper and it is therefore affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.