In Matter of Petition of Alfred K. Stern and Martha D. Stern to Adopt Baby Boy Johnson, Alfred K. Stern and Martha D. Stern, Appellees, v. Sandra Sheffield, Appellant.

Gen. No. 46,262.

311

Opinion filed May 5, 1954. Released for publication June 15, 1954.

ROBERT A. KAHN, of Chicago, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellees; HERBERT M. LAUTMANN, and JOHN J. FAISSLER, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a proceeding begun in 1953 to set aside a decree of adoption which was entered in 1946. The court sustained defendant's motion to dismiss, entered the order accordingly and petitioner has appealed.

The natural mother of the adopted child began the action by filing her petition entitled ". . . Motion . . . in the Nature of Coram Nobis." At the hearing in the trial court, petitioner moved to amend the petition by striking the words "in the Nature of Coram Nobis." The court reserved ruling on the motion pending the decision as to whether it had jurisdiction of the proceeding. The order appealed from indicates that the motion was denied, since it refers to the petition as originally entitled.

The petitioner has asked this court to treat the petition as a "simple" motion to vacate the decree void for want of jurisdiction, and not to treat it as a motion in the nature of *coram nobis* under § 72 of the Civil Practice Act [Ch. 110, Par. 196, Ill. Rev. Stat. (1953)] [Jones Ill. Stats. Ann. 104.072], although petitioner has attempted to file the motion in the adoption proceeding nearly seven years after the adoption decree was entered.

 A motion under § 72 of the Civil Practice Act is a new proceeding to be instituted by the service of new process, *McGrath & Swanson Const. Co. v. Chicago Ry. Co.*, 252 Ill. App. 476, although supplementary to the original suit. *People v. Sheppard,* 405 Ill. 79; *Calkin v. Roberts Park Fire Protection Dist.*, 402 Ill. 579; *Mitchell v. King,* 187 Ill. 452, 457. The motion must be brought within five years after the judgment it attacks is entered. Thus, the petition here, as originally captioned, would not be timely.

 A motion to expunge a void judgment is not necessarily brought under § 72 and it is fundamental that a court may set aside judgments subsequent to term when such judgments are void, as for want of

313

jurisdiction. *Sherman & Ellis, Inc. v. Journal of Commerce,* 259 Ill. App. 453. A "simple" motion to set aside a void judgment is based upon the inherent power of the court to expunge from its records void acts. *Sherman & Ellis, Inc. v. Journal of Commerce.* The motion is not a new proceeding and does not require process, nor is it in any way affected by the passage of time. *Zandstra v. Zandstra,* 226 Ill. App. 293; *Sherman & Ellis, Inc. v. Journal of Commerce.*

■■■ The instant proceeding is a collateral attack. *Barnard v. Michael,* 392 Ill. 130, 135. Where the record in an adoption proceedings shows at least substantial compliance with the provisions of the Adoption Act [Ch. 4, Par. 1—1 et seq., Ill. Rev. Stat. (1953)] [Jones Ill. Stats. Ann. 19.012(2) et seq.], an adoption decree is secure from collateral attack. *McConnell v. McConnell,* 345 Ill. 70; *Gebhardt v. Warren,* 399 Ill. 196; *Carter Oil Company v. Norman,* 131 F.2d 451. Consent of the required parties, however, is jurisdictional. *Burstein v. Millikin Trust Co.,* 350 Ill. App. 462. See 1 Am. Jur., Adoption of Children, § 36. The lack of consent is the jurisdictional ground asserted by petitioner.

In *Cullen v. Stevens,* 389 Ill. 35, 37 and *Guggenheim v. Guggenheim,* 189 Ill. App. 151, 152, there are statements supporting appellee's argument that want of jurisdiction cannot be proved *aliunde* where the decree or judgment is regular and valid on its face, in a procedure other than one under § 72 of the Civil Practice Act or a bill of review.

■■■ ■■■ The substance of the petition is that the county court had no jurisdiction of the natural mother in the adoption proceedings because the consent filed in that proceeding purporting to be signed by her was a forgery. Thus the motion to vacate is for error not apparent on the record. Accordingly, petitioner would have to make proof in support of her petition. Peti-

tioner's motion is not one which any court at any time will entertain because of the jurisdictional contention. This court, for instance, has no jurisdiction to decide a question of fact with respect to the alleged forgery. The petition is not effective as a "simple" motion to set aside a void judgment.

The motion to dismiss asserted that the court had no jurisdiction over the adoptive parents, having lost that power following the lapse of 30 days after the adoption decree. It asserts that mere notice mailed to the adoptive parents, in the foreign jurisdiction where they reside, of the petition to vacate was insufficient to again vest the county court with jurisdiction.

We agree. The petition was based on grounds requiring proof. The adoptive parents, not residents of Illinois, could not be brought under the jurisdiction of the court except by due process. Service of notice sufficient to give jurisdiction under § 72 (*Sherman & Ellis, Inc. v. Journal of Commerce,* 259 Ill. App. 453) was not sufficient to bring the nonresident adoptive parents into court. The court had no jurisdiction, therefore, to proceed to a hearing of the petition.

We think that the court properly sustained the motion to dismiss and we hereby affirm the order of dismissal.

*Order affirmed.*

FEINBERG, P. J. and LEWE, J., concur.