Lester Irving, Administrator of the Estate of Julie Ann Irving, Deceased, Plaintiff-Appellant, v. Eliborio Rodriquez and Martha Rodriquez, Defendants-Appellees.

### Gen. No. 11,378.

Second District, Second Division.
September 21, 1960.

Albert L. Daniels, of Chicago, and Joseph F. Walsh, Jr., of Elmhurst, for appellant.

Stephen Lee, of Chicago, for appellee.

SPIVEY, J.

Plaintiff, Lester Irving, as Administrator of the Estate of Julie Ann Irving, deceased, commenced this action in the Circuit Court of DuPage County on January 11, 1957 to recover damages for the wrongful death of Julie Ann Irving. Eliborio Rodriquez and Martha Rodriquez were made parties defendant.

The complaint alleges in part that defendant Eliborio Rodriquez, "acting as an agent for the defendant, Martha Rodriquez was driving an automobile north on said York Road, and he then and there owed a duty to pedestrians lawfully on said highway to use reasonable care for their safety." The complaint further alleges that notwithstanding said duty, Eliborio Rodriquez was guilty of certain improper acts or omissions which were the direct and proximate cause of the death of Julie Ann Irving while he was driving said vehicle. Judgment is prayed against the defendants.

Personal service of summons was had upon both defendants on January 14, 1957 as evidenced by the sheriff's return. Neither defendant entered his or her appearance, and upon a timely motion made, they were found to be in default.

On April 24, 1957, a hearing was had upon the question of damages. At the conclusion of the hearing the court announced that there would be a finding for the plaintiff and that there will be a judgment on the finding for $20,000.00. A formal written order apportioning the judgment between the next of kin and ordering an execution to issue was entered on May 24, 1957.

On June 1, 1959, the court granted both defendants leave to file their joint motion to vacate and set aside the judgment and to file their respective petitions in support thereof, which were filed on the same day. Answers to the petitions were filed on behalf of the plaintiff.

On the issues so joined, the court, after an appropriate hearing, denied the petition of Eliborio Rodriquez to vacate and allowed the petition of Martha Rodriquez to vacate the judgment as to her on the ground that the judgment as to her was void. The court held that the allegation in the complaint attempting to charge Martha Rodriquez, unsupported by any testimony, was insufficient in law to state a cause of action.

Plaintiff appeals from that part of the order holding the judgment void as to Martha Rodriquez and vacating the judgment as to her.

The briefs of both parties confine the issue on appeal to whether or not the allegations of the complaint as to agency, unsupported by any evidence upon that subject, will support the default judgment.

■ Section 72 of the Civil Practice Act (Chap. 110, Sec. 72, Ill. Rev. Stat. 1959) provides for relief from final orders, judgments, and decrees after thirty days from the entry thereof by petition as provided in that Section. Sub-section 3 of Section 72 provides that the petition must be filed not later than two years after the entry of the order, judgment, or decree. The Courts

78

of Illinois have held this section requiring the petition to be filed within two years to be mandatory. Morgan v. People, 16 Ill.2d 374, 158 N.E.2d 24, and Stern v. Sheffield, 2 Ill.App.2d 311, 120 N.E.2d 62.

Sub-section 7 of Section 72 provides, "Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief." Obviously, the judgment entered against Martha Rodriquez in the instant case must be void to afford the relief prayed and the trial court so found. However, we are unable to agree that the judgment was void.

▮▮ A void judgment as distinguished from a voidable judgment may be vacated at any time even after the expiration of the prescribed period within which judgments ordinarily may be vacated. The duty to vacate a void judgment is based upon the inherent power of the court to expunge from its records void acts of which it has knowledge. The doctrines of laches and estoppel do not apply. Stern v. Sheffield, 2 Ill.App.2d 311, 120 N.E.2d 62.

▮▮ Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of the person or subject matter and judgments procured through fraud. Ward v. Sampson, 395 Ill. 353, 70 N.E.2d 324; I. L. P. Judgments, Sections 174 and 175. They may be attacked directly or collaterally. Escue v. Nichols, 335 Ill. App. 244, 81 N.E.2d 652, Rompza v. Lucas, 337 Ill. App. 106, 85 N.E.2d 467.

▮ A defectively stated cause of action will not destroy jurisdiction if the court has jurisdiction of the subject matter and has acquired jurisdiction of the parties. Baker v. Brown, 372 Ill. 336, 23 N.E.2d 710; Hiot v. Snodgrass, 315 Ill. 548, 146 N. E. 562; Harris v. Chicago House-Wrecking Co., 314 Ill. 500, 145 N. E. 666.

The trial court held that the allegation charging Martha Rodriquez is not sufficient unless supported by testimony.

In 49 C. J. S. Judgments, Sec. 213(a) it is said, ". . . However, in most jurisdictions, since defendants default in failing to plead or answer admits the material and traversable allegations of the declaration or complaint, . . . , if such declaration or complaint alleges a good cause of action, and, when so required by statute, is duly verified, plaintiff, as a general rule, is not required, in order to be entitled to a judgment by default, to establish his cause of action by further proof, except as to the amount of damages where they are unliquidated, . . ."

The Illinois Courts have followed this rule in a number of cases. Roe v. Cook County, 358 Ill. 568, 193 N. E. 472, Whalen v. Twin City Barge & Gravel Co., 280 Ill. App. 596, and Buck v. Citizens' Coal Min. Co., 254 Ill. 198, 98 N. E. 228.

In the latter case, it was said, "A party who voluntarily submits to a default impliedly admits that the demand against him is just and that he has no defense. Lucas v. Spencer, 27 Ill. 15. That the declaration would have been obnoxious to demurrer if one had been interposed would not necessarily justify reversal of a judgment rendered by default. Alton Ry. & Illuminating Co. v. Foulds, 190 Ill. 367, 60 N. E. 537.

"A default judgment will be reversed where the declaration states no cause of action, but a defective statement of a good cause of action is cured by verdict. Plaintiff in error, having submitted to a judgment by default, is not in a position to ask the benefit of technical refinement in construing the language of the declaration for the purpose of enabling it to escape the legal consequences of its own neglect."

In cases of default the court may require proof of the allegations of the pleading upon which relief

80

is sought. Section 50, Civil Practice Act (Ill. Rev. Stat. 1959, Chap. 110, Sec. 50). In the instant case it is obvious that the court in rendering judgment, in its discretion, required proof of the allegations of unliquidated damages only. See: Whalen v. Twin City Barge & Gravel Co., 280 Ill. App. 596.

■ The essential test of a complaint is that it has informed the defendant of a valid claim under a general class of cases of which the court has jurisdiction as distinguished from a complaint that states no cause of action at all. Hall v. Gruesen, 22 Ill.App.2d 465, 161 N.E.2d 345, and Whalen v. Twin City Barge & Gravel Co., 280 Ill. App. 596.

In Parrino v. Landon, 8 Ill.2d 468, 134 N.E.2d 311, cited by both parties to this appeal, the application of Section 42 of the Civil Practice Act (Chap. 110, Sect. 42, Ill. Rev. Stat. 1959) and Section 6 of the Amendments and Jeofails Act (Chap. 7, Sect. 6, Ill. Rev. Stat. 1959) is treated as they apply to default judgments.

Quoting from the Parrino case, "Section 42 (Ill. Rev. Stat. 1953, Chap. 110, Par. 166) . . . ; that no pleading shall be deemed bad in substance which shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet; . . . Section 6 of the Amendments and Jeofails Act (Ill. Rev. Stat. 1953, Chap. 7, Par. 6) in substance provides, as pertains to the present problem, that judgment shall not be arrested or stayed after verdict, nor shall any judgment upon verdict or finding by the court, or upon confession nil dicit (or non sum informatus) or upon any writ of inquiry of damages be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, manners or things in the process, pleadings, proceedings or records, namely: for want of any allegation or averment on account of which omission a motion raising an objection to such omission in the pleading could have been maintained."

The court went on to say further in that case in discussing Wagner v. Kepler, 411 Ill. 368, 104 N.E.2d 231, and Gustafson v. Consumers Sales Agency, Inc., 414 Ill. 235, 110 N.E.2d 865, "We believe both justice and reason command the conclusion that such pleading as gives enough information to indicate a ground for liability is sufficient to support a judgment."

The court in concluding stated, "A somewhat liberal rule is frequently applied in construing a declaration or complaint where the objection is made for the first time after verdict or judgment, and it may be sufficient if the facts essential to a cause of action appear by reasonable implication only, or that the allegations are in the form of a legal conclusion which merely implies the necessary material facts. (41 Am. Jur. 576, Pleading, Section 407.)"

The instant complaint, while not a model of perfection, states a cause of action over which the Circuit Court has jurisdiction. It sufficiently states facts essential to a cause of action and reasonably informs the defendant of the nature of the claim which she is called upon to meet.

Finding as we have that the judgment was not void, the trial court erred in vacating the judgment as to Martha Rodriquez. This cause is remanded to the Circuit Court of DuPage County with instructions to overrule the motion to vacate the judgment as to Martha Rodriquez and to reinstate the judgment as to her.

Reversed and remanded with directions.

CROW, P. J. and WRIGHT, J., concur.