Lawrence Friedman, d/b/a Cornell Steel City Distributing Company, Plaintiff-Appellee, *v.* Jackson Park Drug Co. *et al.,* Defendants-Appellants.

(No. 58352; ▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—May 8, 1974.

BURMAN, J., dissenting.

William E. Elston, Jr., of Chicago, for appellants.

Norman Wexler, of Wexler & Wexler, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

On December 16, 1969, plaintiff-appellee filed a two-count complaint against defendants. The first count against defendant, Jackson Park Drug Co., is not involved in this appeal. The second count named the defendant-appellant, James E. Hurt. It charged Hurt with liability as a guarantor of the obligation incurred by the co-defendant, Jackson Park Drug Co. On January 27, 1970, defendant Hurt filed a motion supported by affidavit to strike Count II, on the ground that the written guaranty sued on and attached to the complaint was not executed, signed or subscribed by defendant Hurt and does not bear his name.

By agreement of the parties the hearing of the complaint was continued to October 27, 1970, at which time neither defendant nor their counsel appeared. Plaintiff in his brief alleged that his attorney made an oral motion to strike defendant Hurt's motion to strike Count II, but it does not appear in the record. The trial court entered an ex parte judgment against both defendants. An execution was personally served upon

Hurt on January 12, 1971. On June 8, 1971, Hurt petitioned the trial court to vacate the judgment of October 27, 1970. In said petition Hurt raised the same defense made in his previous motion of January 27, 1970, to strike Count II of the plaintiff's complaint, claiming that the signature on the guaranty was not his signature, supported by his affidavit.

On August 16, 1971, a hearing was held and the trial court denied Hurt's petition to vacate the judgment of October 27, 1970, against Hurt. There is nothing in the record to show a ruling as to the signature of defendant on the guaranty. Hurt did not seek an appeal from the trial court's ruling.

One year later, on September 8, 1972, defendant Hurt filed a second petition to vacate the judgment which was exactly the same as the petition which had been denied by the trial court. The second petition also supported by affidavit, was denied on the day it was filed upon the basis that the court had already ruled upon the contents of the petition. This appeal followed.

Defendant-appellant Hurt claims that the trial court erred in denying his motion to vacate the judgment against him for the reason that said judgment was void and may be vacated at any time.

The plaintiff-appellee, on the other hand, argues that although section 72(6) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 72(6)) provides that "any order entered denying or granting any of the relief prayed in the petition is appealable," we must also consider Supreme Court Rule 303. Said Rule 303(a) provides that a notice of appeal must be filed within 30 days after the entry of the judgment appealed from. Supreme Court Rule 303(e) provides: "On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal, filed in the reviewing court within 30 days of the expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal * * * *."

Although plaintiff in his brief alleges that on October 27, 1970, he made an oral motion to strike defendant Hurt's motion to strike Count II, the record does not support plaintiff's allegation. Had the trial court made such a ruling, it would have been incumbent upon the trial court to grant defendant Hurt time to answer or otherwise plead before entering the judgment. In our judgment the order of the trial court was void, which is subject to be attacked at any time.

In *Oak Park National Bank v. Peoples Gas Light & Coke Co.,* 46 Ill.App.2d 385, 394, 197 N.E.2d 73, we find this language:

> "If the initial judgment was one which the trial court had no power to enter, that judgment is void and may be attacked at

any time in the same or any other court, by the parties or by any other person who is affected thereby."

In the same opinion, at page 396, the court said:

> "As we have stated, in our opinion, the judgment originally entered was void, and hence, even though the petition was designated as having been brought under section 72, it is neither necessary nor appropriate to consider the negligence or lack of negligence of the plaintiff as a determinative factor in whether or not the judgment should be vacated."

Similar decisions have been expressed in *Fennema v. Vander Aa,* 93 Ill.App.2d 162, 236 N.E.2d 409; and *Lake Shore Savings & Loan Association v. American National Bank & Trust Co.,* 91 Ill.App.2d 143, 234 N.E.2d 418.

In *Irving v. Rodriguez,* 27 Ill.App.2d 75, 169 N.E.2d 145, the court held:

> "A void judgment as distinguished from a voidable judgment may be vacated at any time even after the expiration of the prescribed period within which judgments ordinarily may be vacated. The duty to vacate a void judgment is based upon the inherent power of the court to expunge from its records void acts of which it has knowledge. The doctrines of laches and estoppel do not apply. *Stern v. Sheffield,* 2 Ill.2d 311, 120 N.E.2d 62."

Since the trial court failed to rule on defendant Hurt's motion to strike Count II and said count was not controverted by defendant, the motion stands as an affirmative defense and precluded a judgment against defendant; nevertheless, the court proceeded to give judgment against said defendant. We find said judgment void and remand the hearing of this case to the trial court for further proceedings.

Reversed and remanded for a new trial.

DIERINGER, J., concurs.

Mr. JUSTICE BURMAN dissenting:

There is no theory that would permit this court to find the judgment in the instant case void. The trial court properly exercised its discretion in denying the petition because of the defendant's lack of diligence and because the issues presented had been adjudicated previously, and I would affirm.

Count I of the complaint alleged that the plaintiff had delivered certain merchandise to Jackson Park Drug Co. for which it had not been paid. Count II alleged that the plaintiff had been induced to extend credit to Jackson Park Drug because of Hurt's written personal guaranty that he would be responsible for the price of the merchandise delivered.

Hurt was personally served with a summons on December 24, 1969, and an appearance was filed in his behalf. In lieu of an answer, he filed a motion to strike Count II on the ground that the signature on the guaranty, which was attached to the complaint, was not his. Shortly thereafter, Jackson Park Drug Co. instituted a bankruptcy proceeding in the United States District Court. The motion to strike was set for a hearing on May 5, 1970, and, by agreement of the parties continued to October 27, 1970. On that date, the defendants failed to appear to defend the action, and default judgments were entered against both the drug company and Hurt. An execution was issued on the judgment and served upon Hurt personally on January 12, 1971.

Hurt filed his first petition to vacate the judgment on June 8, 1971, stating as a ground for relief that the signature appearing on the guaranty was not his. A hearing was had on August 16, 1971, after which the court entered an order denying the petition. Hurt did not appeal this order. Garnishment proceedings were commenced and on September 8, 1972, Hurt filed a second petition identical to the one filed on June 8, 1971. This petition was also denied, and the present appeal followed.

The majority concludes that the court's failure to rule upon Hurt's motion to strike Count II of the complaint prior to the entry of judgment renders the judgment void. Hence, it argues, the judgment is subject to collateral attack at any time. I am not aware of any authority that would support this position. In my opinion it is axiomatic that the trial court has the power, upon the failure of the defendant to appear and defend the claim at the appointed time, to declare him in default and to allow the plaintiff to proceed ex parte.

The application of this principle is aptly demonstrated in *Price v. Marie* (1917), 207 Ill.App. 112, a case very similar to the instant one. There an action was brought on a promissory note. The defendant appeared and filed a plea of the general issue and a special plea setting up his discharge in bankruptcy. He failed to appear when the case was called for trial. The court allowed the plaintiff to prove up his claim and entered judgment without striking any of the defendant's pleadings and without ruling upon the alleged discharge in bankruptcy. Approximately 18 months later the defendant petitioned to vacate the judgment, and the petition was allowed. In reversing the trial court's order the appellate court said, "[w]hile the defendant * * * had pleaded to the action, he defaulted at the trial, and with his presumptive knowledge of the entry of the judgment he waited more than a year and a half before moving to vacate it. This was laches of the grossest kind, against which even a court of conscience could not afford relief." 207 Ill.App. at 116.

As this court pointed out in *Irving v. Rodriquez* (1960), 27 Ill.App.2d

75, 169 N.E.2d 145, a case cited to us by the appellant, "[v]oid judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of the person or subject matter and judgments procured through fraud." (27 Ill.App.2d at 79.) In the present case, there is no question that the court had jurisdiction of the person of Hurt and the subject matter of the cause. Hurt does contend in his brief that the judgment was procured through fraud because it is obvious from the face of the document attached to the complaint as "Exhibit B" and described as his written guaranty that it does not contain his signature or even his name.

It is well established, however, that the type of fraud that renders a judgment void and subject to collateral attack is that which prevents the court from acquiring jurisdiction or gives it merely colorable jurisdiction. Where the fraud occurs in the proceedings once jurisdiction has been obtained it has no such effect. (*Dean v. Kellogg* (1946), 394 Ill. 495, 68 N.E.2d 898; 23 I.L.P. *Judgments* § 168 (1956).) This rule rests upon the salutary policy that there should be an end to litigation and the stability of judgments should not be destroyed. (*Cohen v. Sparberg* (1942), 316 Ill.App. 140, 44 N.E.2d 335.) In the present case the court had obtained jurisdiction, and any claimed defect in the defendant's guaranty would not render the judgment void. The appropriate remedy would have been to attack the judgment directly through an appeal or collaterally through a timely petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).

In this regard, the record reveals that Hurt did file a section 72 petition on June 8, 1971, in which he alleged that the judgment should be vacated because the signature on the purported guaranty was not his. The court denied this petition following a hearing on August 16, 1971. The record does not disclose what matters were considered at this hearing. However, the only issue raised by the petition was the signature. The defendant could have pursued his relief further by appealing from the court's order (See Ill. Rev. Stat. 1973, ch. 110(a), par. 304(b)(3)), but he did not choose to do so.

The petition which is the subject of the present appeal was filed on September 8, 1972, and was identical in substance to the one filed on June 8, 1971, and denied on August 16 of that year. It is clear, therefore, that the matters raised in the second petition were res judicata, having been decided on August 16, 1971, and that the trial court was correct in denying it. Even if it be argued, as the majority suggests, that the second petition raised matters not previously determined, it was still incumbent upon Hurt to demonstrate diligence in seeking to obtain his remedy (*Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 165 N.E.2d 294), and

nothing in the petition explains his failure to act until over a year from the denial of the first petition.

Hurt was afforded a full opportunity to present his defense at the hearing held on August 16, 1971. After hearing the evidence the court ruled against him, and he chose not to carry the matter further by taking an appeal. In my opinion the litigation should have ended at this point.

For these reasons I would affirm the judgment.