2020 IL App (2d) 181035-U
No. 2-18-1035
Order filed June 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* COMMITMENT OF FRANKIE WALKER | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| | ) | No. 07-MR-152 |
| | ) | |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee, v. Frankie Walker, Respondent- | ) | Christopher C. Stride, |
| Appellant.) | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Order committing respondent as a sexually violent person was not void due to trial court allegedly exceeding its statutory authority.

¶ 2                                    I. INTRODUCTION

¶ 3    Respondent, Frankie N. Walker, was adjudicated a sexually violent person based on a stipulation he entered into in 2008.  He now appeals a series of orders contending that the trial court's initial order based on the stipulation is void and that section 55(A)(1) of the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/55(A)(1) (West 2016)) is unconstitutionally vague.  For the reasons that follow, we affirm.

¶ 4                                    II. BACKGROUND

¶ 5      In February 2007, the State filed a petition seeking to commit respondent in accordance with the provisions of the Act.  On July 8, 2008, the parties entered a stipulation providing, *inter alia*, that respondent entered into the stipulation freely, voluntarily, and after consulting with counsel; that respondent waived his right to a trial; that respondent is a sexually violent person; and that respondent "is committed to the custody of the Department of Human Services (DHS) for control, care and treatment in a secure setting until his dispositional hearing."  The trial court entered an agreed order finding that respondent is a sexually violent person.  Respondent was committed to the custody of DHS.  A dispositional hearing was held in March 2013, after which the trial court found that respondent was in need of treatment and that the least restrictive environment for such treatment was secure detention.

¶ 6      On April 20, 2016, respondent filed a combined motion pursuant to section 2-619.1 of the Civil Practice Law (725 ILCS 5/2-619.1 (West 2016)).  Respondent raised a number of issues in this motion.  Pertinent here, respondent asserted that "The Circuit Court of The Nineteenth Judicial Circuit, Lake County, Illinois, exceeded its jurisdiction in (July 2008), upon adjudicating the Respondent a (SVP) based on a 'Stipulation and Agreement' (Agreement) procedures that the (SVPCA) does not provide for."  On July 18, 2018, the trial court denied the motion (the "July 2018 order"), primarily on procedural grounds, including that respondent did not comply with various provisions of the Civil Practice Law concerning motions to dismiss (see 735 ILCS 5/2-615, 619 (West 2016)) and that respondent was attempting to dismiss a case postjudgment. Respondent moved for reconsideration, and this motion was denied on October 25, 2018 (the "October 2018 order").  This appeal followed.

¶ 7                                    III. ANALYSIS

¶ 8    We will first consider our jurisdiction over this appeal. Given our resolution of that issue, we will next address respondent's argument that the trial court proceeded beyond its statutory authority.

¶ 9                    A. APPELLATE JURISDICTION

¶ 10    As a threshold matter, we note that the State has filed a motion to dismiss this appeal for want of jurisdiction. We grant that motion in part and deny it in part. Respondent's notice of appeal cites Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303 (eff. July 1, 2017) as the bases for appellate jurisdiction. Accordingly, to invoke review, respondent was required to file his notice of appeal within 30 days of the entry of the trial court's order resolving the final pending postjudgment motion. *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 707 (2007). The notice will place before the reviewing court the orders identified in it as well as any order in the procedural progression to those specifically identified orders. *Estate of Prather v. Sherman Hospital Systems*, 2015 IL App (2d) 140723, ¶ 47. A notice of appeal should be liberally construed. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979).

¶ 11    Respondent's notice of appeal identifies an order of the trial court entered on October 25, 2018, and all judgments and orders leading to the October 2018 order. The State agrees that the notice of appeal was timely regarding the October 2018 order. It further agrees that an order entered by the trial court on July 2018 was in the procedural progression leading to the October 2018 order. Indeed, the October 2018 order is a denial of respondent's motion to reconsider its July 2018 order.

¶ 12    The State asserts that respondent does not actually argue on appeal that either order is erroneous. This does not deprive us of jurisdiction. Supreme Court Rule 301 states that the only jurisdictional step is the timely filing of a notice of appeal. *JP Morgan Chase Bank, N.A v. Bank*

*of America, N.A.*, 2015 IL App (1st) 140428, ¶ 22. While the failure to attack an order would be a basis to resolve an appeal against an appellant (*Erie Insurance Exchange v. Compeve Corp.*, 2015 IL App (1st) 142508, ¶ 33 ("[I]t is well settled that points not argued on appeal are waived.")), it has no bearing on the issue of our jurisdiction. See *Jackson v. Board of Elections Commissioners of the City of Chicago*, 2012 IL 111928, ¶ 33 ("[W]aiver and forfeiture rules serve as an admonition to the litigants rather than a limitation upon the jurisdiction of the reviewing court.").

¶ 13    Thus, we must consider whether either of respondent's arguments are within the scope of either the October 2018 or July 2018 orders. First, we will consider respondent's argument that the trial court acted in excess of its authority in accepting his stipulation and that the order based upon it is therefore void. Respondent expressly raises this issue in his combined motion. Moreover, in his motion to reconsider the trial court's ruling on his combined motion, respondent raises this issue as well. This is precisely what respondent is arguing before this court. Accordingly, we find respondent's notice of appeal encompasses this issue.

¶ 14    Conversely, the other issue raised by respondent, the constitutionality of section 55(A)(1) of the Act (725 ILCS 207/55(A)(1) (West 2016)), was resolved independently of the issues addressed in the proceedings that culminated in the July 2018 and October 2018 orders. Respondent's vagueness challenge to section 55(A)(1) was first raised in a motion filed August 10, 2016. The trial court resolved this issue adversely to respondent on May 31, 2017. This order was entered more than 30 days prior to the notice respondent filed to initiate this appeal. Thus, it is properly before this court now only if it is part of the procedural progression leading to the July 2018 or October 2018 orders. In *McGath v. Price*, 342 Ill. App. 3d 19, 34 (2003), the court explained, "It is not enough merely that the unspecified order precedes the specified order." Instead, the orders must be "sufficiently intertwined." *Id*. It went on to hold that one order was

not in the procedural progression to another where they dealt "with totally different subject matters and claims in the instant case." *Id*. Such is the case here. The order properly before the court concerns the ability of the trial court to enter the initial order finding respondent a sexually violent person; the other order concerns the constitutionality of a section of the Act concerning the periodic re-examination of persons committed under the Act. 725 ILCS 207/55 (West 2016). There is virtually no relationship between the subject matter of the two orders.

¶ 15    Thus, we conclude that we lack jurisdiction over the order to which respondent's second argument concerning the constitutionality of section 55 of the Act is directed; however, respondent's first argument is properly before us.

¶ 16                    B. THE TRIAL COURT'S AUTHORITY

¶ 17    Respondent argues that the trial court exceeded its statutory authority when it accepted his stipulation in 2008 and that the agreed order based on this stipulation is therefore void. Respondent notes that an order is void where a court exceeds its jurisdiction. See *People v. Davis*, 156 Ill. 2d 149, 156-57 (1993). He next points out that a court exercising "special statutory jurisdiction" is "limited to the language of the act conferring it, and the court has no power from any other source." *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 14. Respondent then notes that the Act contains no provision allowing a court to accept a stipulation and enter an agreed order adjudicating respondent a sexually violent person. Accordingly, he concludes, the agreed order is void.

¶ 18    We initially note that respondent raised—and we rejected—a very similar argument in a previous appeal. See *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 36. Because respondent frames his current argument as an attack on the trial court's ability to render the earlier order, it implicates voidness, so *res judicata* is not a *per se* bar. See *In re Marriage of Hulstrom*, 342 Ill. App. 3d 262, 270 (2003). However, we find our earlier reasoning sound and reiterate here

that the mere fact that the Act does not expressly contemplate stipulations does not mean that a party who is willing to enter a stipulation must be compelled to go to trial against his or her will. See *Walker*, 2014 IL App (2d) 130372, ¶ 36.

¶ 19     That said, the flaw in respondent's argument is his assumption that the trial court in this case exercised special statutory jurisdiction when it accepted his stipulation and entered the agreed order.  Generally, special statutory jurisdiction exists only in the realm of administrative review (that is, when a party is appealing to a trial court from a quasi-judicial decision of an administrative agency).  *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 181-82 (2006) ("Because review of a final administrative decision may only be obtained as provided by statute, a court is said to exercise 'special statutory jurisdiction' when it reviews an administration decision."); see also *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 336 (2002) ("Only in the area of administrative review is the courts power to adjudicate controlled by the legislature.").  This is a consequence of the grant of jurisdiction to the circuit courts contained in the state constitution:

> "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law."  Ill. Const. 1970, art VI, § 9.

Thus, circuit courts have plenary jurisdiction over "all justiciable matters" except for certain subject matter reserved for the supreme court (which is not at issue here) and administrative review, which is "as provided by law," *i.e.*, statute.  When the legislature enacts a statute for the courts to apply, outside the realm of administrative review, the legislature simply creates a

justiciable matter. See *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill. 2d 541, 553-54 (2003). This, "however, does not mean that the legislature thereby confers jurisdiction on the circuit court." *Belleville Toyota, Inc.*, 199 Ill. 2d at 335. Instead, jurisdiction flows from the state's constitution. *Id.* at 334.

¶ 20 Thus, outside the realm of administrative review, the simple failure to comply with the substance of a statute does not deprive a court of jurisdiction. For example, in *Graf*, 206 Ill. 2d at 541, the supreme court considered whether the failure of a trial court to strictly comply with a portion of a statute authorizing a municipal annexation rendered the annexation order void. The supreme court recognized that annexation was not recognized at common law and was therefore a creature of statute. *Id.* at 553-54. It then explained:

> "Applying these principles to the matter before us, it is apparent that the legislature has empowered the court to make findings and orders in annexation cases if presented with a petition or ordinance requesting judicial approval. Once a justiciable matter is properly submitted, a court has the power to decide rightly or wrongly the issues properly before it." *Id*. at 554.

It then concluded that the statutory defect at issue in that case did not result in the underlying annexation order being void. *Id.* at 558.

¶ 21 Hence, even if we were to agree with respondent that it was statutorily improper for the trial court to accept his stipulation (which we do not), this purported noncompliance would render the ensuing agreed order voidable rather than void. As a result, the time to challenge the agreed order has long passed. *Irving v. Rodriguez*, 27 Ill. App. 2d 75, 79 (1960) ("A void judgment as distinguished from a voidable judgment may be vacated at any time even after the expiration of the prescribed period within which judgments ordinarily may be vacated."). Voidable orders and

judgments are not amenable to collateral attack. *LaSalle National Trust, N.A. v. Lamet*, 328 Ill. App. 3d 729, 732 (2002) (quoting *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998)).

¶ 22    In short, respondent has not set forth a basis upon which we could find the agreed order void.

¶ 23                                    IV. CONCLUSION

¶ 24    In light of the foregoing, the judgment of the circuit court of Lake County is affirmed. The State's motion to dismiss this appeal on jurisdictional grounds is granted in part and denied in part.

¶ 25    Affirmed.